UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEVON LOPEZ,<br>　　　　Petitioner,<br>　v.<br>R. C. JOHNSON,<br>　　　　Respondent. | Case No. 21-cv-07599-JST<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, an inmate at California State Prison, Los Angeles County, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's has paid the filing fee. ECF No. 7.

**BACKGROUND**

According to the petition, on or about January 12, 2018, Petitioner was sentenced to a term of forty-five years to life in state prison, after being convicted by an Alameda County jury of first degree murder and being an ex-felon in possession of a weapon. Dkt. No. 1 at 1-2. Petitioner unsuccessfully appealed his conviction to both the state appellate court and the California Supreme Court. Dkt. No. 1 at 3. Petitioner denies having filed any state habeas petition. Dkt. No. 1 at 3.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petition**

The petition states the following cognizable claims for federal habeas relief: instructional error for failing to instruct on aiding and abetting; insufficiency of the evidence; double jeopardy; evidentiary error in admitting evidence obtained through a cellphone extraction without establishing the proper foundation; and ineffective assistance of counsel for failing to object to the admission of the evidence obtained through the cellphone extraction. *See generally* Dkt. No. 1. Liberally construed, these claims appear cognizable under § 2254 and merits an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

The claims that Petitioner's sentence is inconsistent with Cal. Penal Code § 1170.95 and the recent amendments to Cal. Penal Code § 189 fail to state cognizable claims for federal habeas relief because they allege errors in application of state law, which is not a ground for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The claim that the preliminary hearing examination did not give Petitioner adequate notice of the first-degree murder charge also fails to state a claim for federal habeas relief. While the Sixth Amendment guarantees a criminal defendant a fundamental right to be clearly informed of the nature and the cause of the accusation against him, *see Calderon v. Prunty*, 59 F.3d 1005, 1009 (9th Cir. 1995), the charging document, or information, is the means by which such notice is provided. *Gautt v. Lewis*, 489 F.3d 993, 1003 (9th Cir. 2007). There is no requirement that the preliminary hearing examination provide the notice of the nature and charge of the accusation. Nor does the right to notice of the charge include a constitutional right to notice of the *evidence* the state plans to use to prove the charge, although the prosecution may not mislead the defense about the evidence it intends to use at trial. *See Gray v. Netherland*, 518 U.S. 152, 164-65, 68-69 (1996). In addition, there is no clearly established federal law that "a prosecutor's focus on one theory of liability at trial can render

2

earlier notice of another theory of liability [constitutionally] inadequate." *Lopez v. Smith*, 574 U.S. 1, 4 (2014) (per curiam).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772

(5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: May 16, 2022



JON S. TIGAR
United States District Judge